UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
HAYDEN GUY,

      *Pro se* Plaintiff,      **ORDER ADOPTING REPORT**
                                    **AND RECOMMENDATION**
      - against -
                                    10-CV-01998 (KAM)(LB)
MTA NEW YORK CITY TRANSIT,

      Defendant.
-------------------------------X

**MATSUMOTO, United States District Judge:**

      On May 3, 2010, Hayden Guy ("plaintiff") commenced this *pro se* action against the MTA New York City Transit ("defendant") asserting that defendant discriminated against him on the basis of his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* (*See* ECF No. 1, Complaint.) On October 19, 2011, after discovery was completed, defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the motion was referred to Magistrate Judge Lois Bloom for a Report and Recommendation. On August 6, 2012, Magistrate Judge Bloom issued her Report and Recommendation recommending that this court grant defendant's motion for summary judgment (the "R&R"). (*See* ECF No. 41, R&R.)

      On August 6, 2012, a copy of the R&R was sent to the *pro se* plaintiff along with copies of all unreported cases cited therein. (*See* Docket Entry dated August 6, 2012.) As explicitly noted at the end of the R&R, any written objections to the R&R

1

were to be filed within fourteen days of service of the R&R, or by August 23, 2012. (R&R at 19 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)); Docket Entry dated August 6, 2012.) The R&R also provided clear notice that the "[f]ailure to file a timely objection to this Report generally waives any further judicial review." (R&R at 19.) In a letter dated September 5, 2012, plaintiff filed a two-page objection to the R&R and stated that his tardiness in filing the objection was due to a recent knee injury and the death of his aunt. (*See* ECF No. 42, Plaintiff's Objection ("Pl. Obj.") at 2.) Plaintiff further stated that he is "not asking for special treatment just the opportunity to appeal this case." (*Id.*) On September 18, 2012, defendant filed a timely response to plaintiff's objection. (*See* ECF No. 43, Defendant's Response and Opposition to Plaintiff's Objections to the R&R ("Def. Resp.").) Although plaintiff filed his objection after the statutory period for filing objections had expired, the court will address the substance of plaintiff's objections.

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3). To the extent a party makes specific and timely written objections to a

magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Where no objection to a Report and Recommendation has been timely made, "'a district court need only satisfy itself that that there is no clear error on the face of the record.'" *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011). Moreover, "[t]o the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 U.S. Dist. LEXIS 84291, at *4 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *accord Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).

The court is mindful "that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

"Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008); *see Evans v. Ericole*, No. 06-CV-3684, 2008 U.S. Dist. LEXIS 91556, at *4-5 (S.D.N.Y. Nov. 10, 2008) (reviewing Report and Recommendation for clear error where *pro se* plaintiff made only general objection).

## **DISCUSSION**

Plaintiff raises three objections to the R&R, none of which contest specific findings and recommendations of the R&R. First, plaintiff states that his "rights have been violated," and that he has been "under-represented" due to his "lack of experience in the legal-field" and is now seeking legal counsel. (Pl. Obj. ¶ 1.) Because this objection is conclusory and does not specifically address any of Magistrate Judge Bloom's findings and recommendations, it does not render the R&R subject to a *de novo* review. Additionally, as mentioned by the defendant, plaintiff appears to have voluntarily chosen to proceed *pro se* in this case and never requested the assignment of *pro bono* counsel. (Def. Resp. at 7.) The fact that plaintiff decided to wait until now to seek legal counsel – more than two years after this action

4

was filed and after the issuance of the R&R recommending granting defendant's motion for summary judgment – is not an appropriate basis for objecting to the R&R.

Second, plaintiff asserts that Charles Adams, General Superintendent in the Division of Car Equipment of the Department of Subways of the defendant, provided false statements during discovery that were "never addressed." (Pl. Obj. ¶ 2.) Plaintiff, however, fails to identify in his objection which statements by Mr. Adams are allegedly false. In his opposition to defendant's motion for summary judgment, plaintiff stated that Mr. Adams lied when he said "there were two 'Russian Jewish people' sitting outside his office" in or around July 2009 when Mr. Adams and plaintiff had a discussion regarding plaintiff's request for a religious accommodation. (*See* ECF No. 32, Plaintiff's Affidavit/Affirmation in Opposition to Defendant's Motion ("Pl. Opp'n") at 4; ECF No. 34-29, Responses to Deposition by Written Questions of Charles Adams ("Adams Dep. Resp.") at 2.) Additionally, plaintiff alleged in his opposition that Mr. Adams lied when he did not recall or denied telling plaintiff during the July 2009 discussion that plaintiff (1) "can't do his job," (2) has "no idea how Transit is run," (3) should "get out of [Mr. Adams'] office before [plaintiff] gets in trouble," and (4) that Mr. Adams "did not want to hear about [plaintiff's] religion." (Pl. Opp'n at 4; Adams Dep. Resp. at 2.) Even if these

allegations of false statements by Mr. Adams are true, the court agrees with the defendant that these statements are immaterial to the findings and recommendations of the R&R. (*See* Def. Resp. at 8.) Indeed, it does not appear that Magistrate Judge Bloom considered any of Mr. Adams' statements or the July 2009 discussion between plaintiff and Mr. Adams in recommending that the court grant defendant's motion for summary judgment. Accordingly, because plaintiff's allegations of false statements by Mr. Adams are not material and have no bearing on Magistrate Judge Bloom's findings and recommendations, this objection is meritless.

Finally, plaintiff states that the Equal Employment Opportunity Commission ("EEOC") recently contacted him "concerning the latest charge against my employer" and that the EEOC is conducting an investigation and "will soon furnish a reply." (Pl. Obj. ¶ 3.) Defendant attached to its response a "Notice of Charge of Discrimination" dated June 1, 2012 that it received regarding a new charge of discrimination filed by the plaintiff (*see* Def. Resp. at 8), which is presumably the same charge of discrimination referenced by plaintiff in his objection and also in his letter to the court dated May 24, 2012 (*see* ECF No. 39, Plaintiff's letter dated May 24, 2012). As correctly stated by Magistrate Judge Bloom, however, any new allegations of discrimination that are currently under investigation by the EEOC

are not the subject of plaintiff's complaint in this case and plaintiff has not requested to amend his complaint to address these allegations. (R&R at 8.) The court overrules plaintiff's objection to the R&R on this ground because these new allegations of discrimination are not before the court and are immaterial to the findings and conclusions of the R&R.[1]

Plaintiff's conclusory, untimely, and groundless objections do not warrant a *de novo* review of the R&R. Instead, the court reviews the R&R for clear error. Upon a close review of the R&R, the record before the court, and the relevant case law, the court finds no clear error in Magistrate Judge Bloom's thorough and well-reasoned Report and Recommendation and hereby affirms and adopts the R&R as the opinion of the court. In any event, even if plaintiff did make specific and timely written objections to the R&R, the court finds that it would have reached the same result with a *de novo* review of the R&R.

## CONCLUSION

For the reasons set forth above and in Magistrate Judge Bloom's Report and Recommendation, the court grants defendant's motion for summary judgment in its entirety. The Clerk of the

---

[1] Because these new allegations of discrimination are currently under investigation by the EEOC, it does not appear that plaintiff's administrative remedies for these new claims have been exhausted, which is a requirement under Title VII. *See Ragone v. Atlantic Video*, 595 F.3d 115, 126 (2d Cir. 2010) ("Title VII requires a plaintiff to pursue and exhaust administrative remedies before bringing suit . . . ." (citing 42 U.S.C. § 2000e-5(e)-(f))).

Court is respectfully requested to enter judgment in favor of the defendant and against the plaintiff in accordance with this decision and to close this case.  Additionally, the Clerk of the Court is respectfully requested to serve a copy of this decision and an appeals packet on the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   September 26, 2012
         Brooklyn, New York

                                          /s/
                                 Kiyo A. Matsumoto
                                 United States District Judge